IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAY JOHANNIGMAN, MD, | : | |
| Plaintiff, | : | CASE NO. 1:19-CV-00280 |
| v. | : | JUDGE MICHAEL R. BARRETT |
| UNIVERSITY OF CINCINNATI PHYSICIANS, INC. dba UC PHYSICIANS *et al.* , | : : | |
| Defendants. | : | |

### DEFENDANT UNIVERSITY OF CINCINNATI'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant University of Cincinnati ("UC") hereby respectfully requests that Plaintiff's First Amended Complaint be dismissed in its entirety.  As detailed in the attached Memorandum in Support, this Court lacks subject matter jurisdiction over the claims in Plaintiff's First Amended Complaint because Defendant UC is entitled to sovereign immunity.

Respectfully submitted,

DAVID YOST (0056290)
Ohio Attorney General

*/s/ Wendy K. Clary*

WENDY K. CLARY (0077775)
*Trial Counsel*
Senior Assistant Attorney General
ANNA M. SEIDENSTICKER (0046761)
Principal Assistant Attorney General

Employment Law Section
30 East Broad St., 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendant University of Cincinnati*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff Jay Johannigman brings the following claims against Defendant UC in his First Amended Complaint: (1) sex discrimination in violation of R.C. Chapter 4112; (2) retaliation in violation of R.C. Chapter 4112; (3) military discrimination in violation of R.C. Chapter 4112; (4) discrimination in violation of the Uniform Services Employment and Reemployment Act of 1994 ("USERRA"), 38 U.S.C. § 4311; (5) failure to reemploy in violation of USERRA, 38 U.S.C. §§ 4312, 4313; and (6) defamation per se.[1] (Doc. #4). Plaintiff seeks injunctive relief, immediate and full restoration to the scope of his practice, compensatory and liquidated damages, attorneys' fees and costs, and all other equitable relief to which he may be entitled. (Doc. #4, pg. 20-21).

However, Defendant UC is entitled to sovereign immunity from suit under the Eleventh Amendment of the Constitution as to all of Plaintiff's claims. As there has been no abrogation of Defendant UC's sovereign immunity from suit in federal court for either state law claims or claims brought pursuant USERRA, and the State has not waived its sovereign immunity as to those claims, Plaintiff's First Amended Complaint should be dismissed.

**II.    LAW AND ARGUMENT**

    **A.    Legal Standard**

        1.    Fed. R. Civ. P. 12(b)(1)

A defendant attacks a Court's subject matter jurisdiction by filing a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Subject matter jurisdiction "involves a court's power to hear a case …." *Arrambide v. Hudson,* No. 1:08-cv-0065, 2010

---

[1] Plaintiff's First Amended Complaint was filed against Defendant UC along with Defendants University of Cincinnati Physicians, Inc., and UC Health, LLC. On April 18, 2019, Plaintiff filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. (Doc. #2). On May 22, 2019, Defendants filed a combined opposition to Plaintiff's Motion. (Doc. #12).

U.S. Dist. LEXIS 90727 at *17 (S.D. Ohio July 23, 2010) (citing *U.S. v. Cotton*, 535 U.S. 625, 626 (2002)). A defendant may attack a court's subject matter jurisdiction at any time. *Arrambide*, *supra*.

A court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving party's allegations of fact as true. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires that the party asserting jurisdiction bear the burden of establishing it. *Id*. The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of a plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

2. <u>Fed. R. Civ. P. 12(b)(6)</u>

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562; *see also Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-48 (2005) (finding complaint legally insufficient where plaintiff failed to provide factual support supporting every element of a claim). "[M]ore than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements," *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted), and "a complaint will [not] suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation omitted).

### B. Plaintiff's Claims Against Defendant UC are Barred by Sovereign Immunity

The Eleventh Amendment of the United States Constitution expressly prohibits citizens from suing the States in federal court, subject to a few limited exceptions. *See Alden v. Maine*, 527 U.S. 706, (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Both *Alden* and *Seminole Tribe*, two of the Supreme Court's most important Eleventh Amendment pronouncements, hold that a plaintiff may directly sue a State in federal court <u>only</u> where a State consents to suit or the case concerns a statute passed by Congress, pursuant to Section 5 of the Fourteenth Amendment, such as claims under Title VII of the Civil Rights Act of 1964. *Alden*, 527 U.S. 706, 755-56; *Seminole Tribe*, 517 U.S. 44, 58-60; *City of Boerne v. Flores*, 521 U.S. 507, 516–36 (1997); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). In other words, a state may only be sued when a state waives its Eleventh Amendment immunity or Congress properly overrides that immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurt State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

Under the Eleventh Amendment, state governments and entities that qualify as "arms of

5

the state" are immune from suit in federal court unless the state waived its right to immunity or Congress unequivocally abrogated the states' immunity by law. *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "It is well-established that the University of Cincinnati is an arm of the State of Ohio and entitled to Eleventh Amendment sovereign immunity." *Al-Maqablh v. Univ. of Cincinnati College of Medicine*, 2012 WL 6675761, *2 (S.D. Ohio Dec. 21, 2012) (Beckwith, J.) (citing *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir.1995)); *Dillion v. University Hosp.*, 715 F.Supp. 1384, 1386–87 (S.D. Ohio 1989). Therefore, Plaintiff's claims against Defendant UC should be dismissed.

1.  Plaintiff's State Law Claims are Barred by Sovereign Immunity.

Here, Plaintiff's sex and military discrimination (Counts 1 and 3), retaliation (Count 2) and defamation (Count 6) claims are all state law claims. However, these claims must be dismissed because they are barred by sovereign immunity. The United States Constitution bars federal court jurisdiction over pendent state law claims against non-consenting states or state officials, regardless of the remedy sought by a plaintiff. *Welch v. State Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 486 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983). The State of Ohio has not waived its sovereign immunity by consenting to federal court's jurisdiction over Ohio law claims against the State, and Congress has not abrogated the State's sovereign immunity. *See e.g. Manning v. Ohio State Library Bd.*, 62 Ohio St. 3d 24, 577 N.E.2d 650 (1991); *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 954 (6th Cir. 1987) (en banc) *cert. denied* 487 U.S. 1204 (1988); *State of Ohio v. Madeline Marie Nursing Home*, 694 F.2d 449 (6th Cir. 1982). Therefore, any Ohio law claims against Defendant UC are barred in this Court by sovereign

immunity as embedded in the Eleventh Amendment. *See, Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990); *Mack v. Holcomb*, 446 F. Supp.2d 777, 781 (N.D. Ohio 2006). Thus, Plaintiff's state law claims against Defendant UC must be dismissed.

2. Plaintiff's USERRA Claims are Barred by Sovereign Immunity

In addition, Plaintiff's two USERRA claims (Counts 4 and 5) are also barred by sovereign immunity. The State of Ohio is entitled to sovereign immunity under the Eleventh Amendment as to claims brought pursuant to USERRA in federal court. *Risner v. Ohio Dep't of Rehab. & Corr.*, 577 F. Supp. 2d 953 (N.D. Ohio April 28, 2008). Therefore, either Congress had to abrogate the State's sovereign immunity or the State must have waived it in order for Plaintiff to bring his USERRA claims against the State in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Here, Congress did not validly abrogate the State's sovereign immunity as to claims brought pursuant to USERRA. *Risner* at 964-965. Further, the State of Ohio has not waived its sovereign immunity over USERRA claims against it in federal court. *Id.* at 963. Therefore, Defendant UC is entitled to sovereign immunity as to Plaintiff's two USERRA claims and those claims should be dismissed accordingly.

### III. CONCLUSION

For reasons discussed above, Defendant UC respectfully requests that the Court dismiss Plaintiff's First Amended Complaint against it in its entirety because Plaintiff's claims are barred by sovereign immunity.


Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Wendy K. Clary*

WENDY K. CLARY (0077775)
*Trial Counsel*
Senior Assistant Attorney General
ANNA M. SEIDENSTICKER (0046761)
Principal Assistant Attorney General
Employment Law Section
30 East Broad St., 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendant University of Cincinnati*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant University of Cincinnati's Motion to Dismiss* was filed electronically on May 23, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Wendy K. Clary*

WENDY K. CLARY (0077775)
*Trial Counsel*
Senior Assistant Attorney General