UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAY JOHANNIGMAN, MD**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-280-MRB |
| ) | |
| **UNIVERSITY OF CINCINNATI** ) | |
| **PHYSICIANS, INC. dba UC PHYSICIANS,** ) | |
| **et al.** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI PHYSICIAN'S PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant University of Cincinnati Physicians, Inc. dba UC Physicians ("UCP") respectfully requests this Court to dismiss Count I of Plaintiff's Amended Complaint (Doc. 4) pursuant to Federal Rule of Civil Procedure 12(b)(6). Even when taking the allegations of Plaintiffs' Amended Complaint as true, Plaintiff fails to state a claim for reverse sex discrimination as alleged in Count I, because he does not allege that any individual outside of his alleged protected class was treated more favorably than he was. For this reason, and the reasons stated in UCP's corresponding Memorandum, Count I of Plaintiff's Amended Complaint should be dismissed.

Dated: July 19, 2019

Respectfully submitted,

*/s/*   Michael S. Glassman
Michael S. Glassman (0012713)
Abby E. Chermely (0092743)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
michael.glassman@dinsmore.com
abby.chermely@dinsmore.com

*Attorneys for Defendant University of Cincinnati Physicians, Inc.*

**DEFENDANT UNIVERSITY OF CINCINNATI PHYSICIAN'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

**I.     BACKGROUND/FACTS**

For purposes of this Motion only, UCP accepts the following facts, which were pled in Plaintiff's Amended Complaint, as true. Plaintiff has been employed by UCP since 1994. (Doc. 4, PageID 51 at ¶ 24). Plaintiff has a long history of serious behavioral problems of which Plaintiff himself has acknowledged. For example, in May 2018, a male resident submitted a complaint about Plaintiff's inappropriate and threatening behavior. (Doc. 4, PageID 57 at ¶ 70). During this particular interaction, Plaintiff repeatedly threatened he would snap each and every one of the male resident's 10 fingers. Given Plaintiff's extensive list of behavioral issues over the years, Plaintiff was assigned to the University of Cincinnati's West Chester Hospital while the incident was investigated. (Doc. 4, PageID 57 at ¶ 72). At the conclusion of the investigation, Plaintiff was issued a Final Written Warning. (Doc. 4, PageID 59 at ¶ 90).

Despite Plaintiff's own inappropriate behavior for which he was disciplined, Plaintiff points the finger at his co-workers' purported behavior. Specifically, Plaintiff alleges "female UC Health employees complained…that Dr. [Mark] Edwards, Dr. Kenneth Davis, and Dr. Jason Schrager—all faculty in the Department of Surgery—mistreated and sexually harassed women in the Department." (Doc. 4, Page ID 55 at ¶ 59). Plaintiff further alleges that upon receipt of the complaints, Defendants failed to correct the behavior, instead protecting Plaintiff's male co-workers. (Doc. 4, PageID. 56 at ¶ 61).

According to Plaintiff, the women eventually filed Title IX complaints against Dr. Edwards and Dr. Davis in May 2018. (Doc. 4, PageID. 56 at ¶ 64). During the investigation, Dr. Edwards and Dr. Davis were apparently not removed from their roles in the Department of Surgery or from

3

clinical care of patients. (Doc. 4, PageID. 56-57 at ¶ 67-68). Plaintiff additionally expresses concern that the women who complained about Dr. Edwards and Dr. Davis "had to continue to provide administrative support for their alleged harassers." (Doc. 4, PageID. 57 at ¶ 69). The investigator concluded there was no Title IX violation. (Doc. 4, PageID 59 at ¶ 87). Nevertheless, Plaintiff takes issue with the apparent lack of discipline issued to Dr. Davis. (Doc. 4, PageID 59 at ¶ 88).

Among other claims, Plaintiff in Count I asserts a claim for sex discrimination under Ohio Revised Code 4112, alleging he was treated differently than his male co-workers. Because Plaintiff's sex discrimination claim is entirely premised on the allegations above, his claim should be dismissed.

### III.  STANDARD

A complaint must be dismissed where, as here, when it fails to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Plausibility is a two-step test: first, plaintiff's legal conclusions must be disregarded. *Id.* at 1949-50. Second, the court must be able to identify credible facts supporting each element of plaintiff's claims. *Id.* While the Court must accept all factual allegations pled in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party, the Court need not accept as true unreasonable inferences or conclusory legal allegations in the form of factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 444, 127 S. Ct. 1955 (2007).

### IV.  ANALYSIS

Count I of Plaintiff's Amended Complaint does not allege a *prima facie* case of sex discrimination, because he does not (and cannot) allege employees outside his class were treated more favorably than he was. Accordingly, Count I should be dismissed.

4

Absent direct evidence, Plaintiff must show through circumstantial evidence that he was singled out or treated less favorably than similarly-situated employees outside his protected class because of his sex. *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973).[1] Under the *McDonnell Douglas* analysis, Plaintiff must show that (1) he was a member of a protected class; (2) he was subject to adverse employment action; (3) he was qualified for the position; and (4) similarly-situated employees outside of his class were treated more favorably. *Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 456 (6th Cir. 2007). If he can establish a *prima facie* case of discrimination, the burden shifts to UCP to articulate a legitimate, nondiscriminatory reason for the employment action. *Skelton*, 247 F. App'x at 457.

The burden then shifts back to Plaintiff to prove UCP's stated reason was pretext for discrimination. *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 725 (6th Cir. 2012). To do so, Plaintiff must show: 1) the reason has no basis in fact; 2) the reason did not actually motivate the employment action; and 3) the reason was insufficient to motivate the employment action. *Id.*

Importantly, Plaintiff's claim in Count I is one for "reverse" sex discrimination. Thus, Plaintiff faces a heightened burden of proof, and must show Defendants are "the unusual employer who discriminates against the majority." *Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 339 (6th Cir. 2009).

Plaintiff's sex discrimination claim alleges as follows:

> 118. After a male resident complained about Dr. Johannigman, Defendants suspended Dr. Johannigman from all clinical duties at UCMC indefinitely, yet after female employees complained about Drs. [Mark] Edwards, [Ken] Davis, and [Jason] Schrager, Defendants permitted them to remain in their jobs undisturbed.

---

[1] Claims under Ohio Revised Code 4112 are analyzed using the same legal framework as claims under Title VII of the Civil Rights Act of 1964. *See* e.g., *Genaro v. Cent. Transp.*, 1999-Ohio-353, 84 Ohio St. 3d 293, 297, 703 N.E.2d 782, 786.

5

> 119. In harshly disciplining Dr. Johannigman for a man's complaint but failing to discipline Drs. Edwards, David, and Schrager over women's complaints, Defendants discriminated against and limited the employment opportunities of Dr, Johannigman because of sex, in violation of R.C. 4112.02.

(Doc. 4, PageID 62-63 at ¶ 118-119).

Here, Plaintiff wholly fails to plead facts sufficient to allege Defendants are the unusual employer who discriminates against the majority – in this case, men. Accordingly, he cannot establish he is a member of a protected class. Nor can he establish he was subject to an adverse employment action, because he remains employed by UCP, and his job title, job duties and compensation has not changed. *Leavey v. City of Detroit*, 467 Fed.Appx. 420, 425 (6th Cir. 2012).

What particularly dooms Count I, even at this early stage, however, is Plaintiff's allegation that Dr. Edwards, Dr. Davis and Dr. Schrager – all men – were treated more favorably than he was. Specifically, Plaintiff alleges these men were permitted to remain in their jobs undisturbed pending investigation and were not disciplined for their behavior, but he was assigned to West Chester hospital and subsequently disciplined. While Plaintiff may think UCP's treatment of him is unfair, alleged unfair treatment, alone, plainly does not constitute sex discrimination.

To be sure, in order for Plaintiff to state a claim for sex discrimination and survive a motion to dismiss, he must allege that individuals *outside* of his own class were treated more favorably than he was. *Skelton*, 247 F. App'x at 456. Here, Plaintiff has failed to allege that *any* female, let alone one similarly situated to Plaintiff in all relevant respects, was treated more favorably than Plaintiff. Rather, Plaintiff cites only UCP's purported favorable treatment of his *male* co-workers.

Instead, Plaintiff simply attempts to distinguish his alleged situation from that of his purported male comparators by alleging a male resident complained about Plaintiff and female residents complained about his male comparators. However, it matters not who the complainants were.

Because Plaintiff's allegations in support of his sex discrimination claim in Count I hinge entirely on improper comparator evidence, Plaintiff fails to state a plausible claim for relief. Count I of Plaintiff's Amended Complaint should therefore be dismissed.

## V. CONCLUSION

Taking the allegations in Plaintiff's Amended Complaint as true, his sex discrimination claim fails as a matter of law. Plaintiff alleges only that his male co-workers were treated more favorably than he was. Accordingly, he cannot establish a *prima facie* case of sex discrimination, and Count I should be dismissed. UCP therefore respectfully requests the Court grant its Partial Motion to Dismiss.

Respectfully submitted,

/s/ Michael S. Glassman
Michael S. Glassman (0012713)
Abby E. Chermely (0092743)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
michael.glassman@dinsmore.com
abby.chermely@dinsmore.com

*Attorneys for Defendant University of Cincinnati Physicians, Inc.*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2019, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                              */s/*   Michael S. Glassman
                                              Michael Glassman

                                              *Attorney for Defendant University of Cincinnati Physicians, Inc.*